JOHN EGAN *vs.* MORRIS E. FULLER and another.

September 30, 1886.

Principal and Surety—Forgery of Surety's Name on Substituted Note —Mortgage.—To secure the price of a harvester, O., as principal, and J., the plaintiff, as surety, executed three notes, and delivered them to defendants' agents, by whom the harvester was sold to O. Afterwards, and before the notes were handed over to defendants, the agents permitted O. to take up the notes, and substitute for them three others, purporting to be signed by him and J., but upon which the signatures of J. were forged; the agents knowing that they were not written by J. The agents forwarded the notes to defendants, who had no notice of any facts affecting their genuineness till about the time of the commencement of this action, before which time, acting in good faith, and without any notice or knowledge that the notes forwarded to them were not the original notes given by O. and J., defendants, through their attorney, took from plaintiff three other notes executed by him, and secured by mortgages of his real estate, which notes and mortgages were taken ostensibly to secure the notes upon which plaintiff's signature was forged, but which both parties supposed to be the original notes; so that, in the intention of the parties, the mortgages, and notes secured by them, were in fact taken to secure the indebtedness evidenced by the original notes. *Held,* giving effect to the intention and common purpose of the parties, that the mortgages, and notes secured by them, must be taken and treated as given and received to secure the original indebtedness.

Appeal by defendants from a judgment of the district court for Waseca county, where the action was tried by *Buckham,* J.

*J. M. Burlingame,* for appellants.

*P. McGovern* and *B. S. Lewis,* for respondent.

BERRY, J.   To secure the price of a harvester, Owen Egan, as principal, and his son, the plaintiff, as surety, executed three notes running to defendants, and delivered the same to White & Krassin, who, as defendants' agents, sold the harvester to Owen Egan, and who knew that plaintiff was a surety.   Shortly afterwards, and before the notes were handed over to defendants, the agents permitted Owen Egan to take up and cancel the notes, and to "replace the same," with three others purporting to be signed by him and the plaintiff, but which differed from the first three as to times of payment, and which were in fact "false and forged as respects the signature of the plaintiff."   At the time of receiving the three last notes, defendants' agents knew that the purported signatures of the plaintiff thereon were not written by him, but by Owen Egan, and they forwarded the notes to defendants, "without," in the words of the finding, "disclosing to them the facts   *   *   *   affecting their genuineness or validity," and "neither of defendants had any notice or knowledge of any of the facts hereinbefore set forth in regard to the character of said notes, or the change made therein,   *   *   *   till about the time of the commencement of this action."   After the last three notes became due according to their terms, defendants forwarded them to their attorney; and "plaintiff, for the purpose of securing payment of the amounts due thereon," made and delivered to defendants, through their said attorney, as collateral to said notes, three other notes, and, as security for the same, two mortgages of real estate owned by him; and the six notes and the mortgages are still held by defendants, and are wholly unpaid and unsatisfied.   The court finds that in taking the mortgages, and notes secured by them, defendants and their attorney "acted in good faith, fairly, and without notice or knowledge that the notes, as collateral to which the mortgages, and the notes accompanying the same, were received, were not the genuine notes of the plaintiff originally given by him and said Owen Egan."   The court also finds "that the only consideration for said mortgages, or either of them, was the securing of the payment of the notes found to be false and forged as to the signature of the plaintiff."   As a conclusion of law it is found that the mortgages, and

notes directly secured by them, are without consideration, and that plaintiff is entitled to have them cancelled.

There can be no presumption that White & Krassin were authorized, as defendants' agents, to make the exchange of notes before mentioned; and hence, in the absence of proof that defendants assented to the exchange, with notice of the facts, it must be assumed that the indebtedness of the plaintiff and Owen Egan upon the original notes remains unimpaired; and as, in executing the mortgages and accompanying notes, the plaintiff must be assumed to have intended to secure something, and as he did not know of the exchange of notes, he must be taken to have intended to secure the indebtedness evidenced by the original notes, and this is also the indebtedness which, as the trial court in effect finds, the defendants intended to have secured by the mortgages and accompanying notes. The minds of the parties therefore met in a common purpose, viz., the securing of the indebtedness evidenced by the original notes. This conclusion is not disturbed by the finding that the only consideration for the mortgages was the securing of the notes to which the plaintiff's purported signature was forged; for this general finding, which is perhaps not happily expressed, is inconsistent with previous special findings, unless it be taken as meaning simply that both plaintiff and defendants supposed that *these* were the original notes, and, acting upon this supposition, ostensibly secured them, though their purpose, and the legal effect of their action, was to secure the indebtedness upon the original notes. In this state of facts the finding of law that the mortgages and accompanying notes are without consideration, must be held erroneous. They must be taken and treated as having been given and received to secure the original indebtedness. See *Geib* v. *Reynolds, ante,* p. 331.

The judgment is therefore reversed, and, as we have strong suspicion that the material facts were not fully brought out upon the former trial, we also direct a new trial.